IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal Action No. GLR-14-0355 |
| AVERY TERRY, | * | |
| Defendant. | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on self-represented Defendant Avery Terry's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 56), and Motion for Review of Sentence under 18 U.S.C. § 3742(a)(1) (ECF No. 62). The Motions are ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will deny the Motions.

## I.    BACKGROUND

On June 4, 2015, Terry pleaded guilty to Interference with Commerce Through Robbery (Count One), Use and Brandish of a Firearm During a Crime of Violence (Count Three), and Accessory After the Fact to Robbery (Count Five). (Plea Agreement at 1, ECF No. 25).[1] He was sentenced on September 11, 2015, to 181 months in prison. (J. at 2, ECF No. 35). The Court entered Judgment three days later. (<u>Id.</u> at 1).

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

On January 29, 2024, Terry filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 56). He subsequently filed a Motion for Review of Sentence under 18 U.S.C. § 3742(a)(1) on November 12, 2024. (ECF No. 62). The Government responded to both Motions on December 17, 2025. (ECF Nos. 70, 71). To date, the Court has not received a Reply from Terry.

## II.   DISCUSSION

Terry seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and a review of his sentence under 18 U.S.C. § 3742(a)(1). The Court will address each Motion in turn.

## A.   Motion to Reduce Sentence Under § 3582

### 1.   Standard of Review

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed," unless specified exceptions apply. United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), however, also known as the compassionate release provision, a court may modify a term of imprisonment upon a motion filed by the Bureau of Prisons ("BOP"). See United States v. Maycock, No. GLR-14-0133, 2020 WL 2395620, at *1 (D.Md. May 12, 2020). The First Step Act of 2018 amended and further expanded the compassionate release provision, allowing federal inmates to file motions for sentence reductions without having to rely on the BOP to initiate a motion for compassionate release on the inmate's behalf. See United States v. Gregory, 538 F.Supp.3d 562, 565–66 (D.Md. 2021).

Before moving for compassionate release, the defendant must either exhaust all administrative remedies or wait thirty days "from the receipt of such a request by the

2

warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The court must then determine if the defendant demonstrated "extraordinary and compelling reasons supporting relief" to be eligible for a sentence reduction. United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022) (quoting United States v. Hargrove, 30 F.4th 189, 194–95 (4th Cir. 2022)). Lastly, the court must "find that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable," id. at 831, as well as whether reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii); Gregory, 538 F.Supp.3d at 566. The court has discretion to grant or deny a motion for compassionate release "based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as 'other reasons.'" United States v. Williams, No. ELH-19-0286, 2023 WL 4490325, at *7 (D.Md. July 11, 2023) (quoting U.S.S.G. § 1B1.13 app. notes 1(A)–(D)). The other factors include whether the defendant is a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g).

### 2. Analysis

#### a. Administrative Exhaustion

18 U.S.C. § 3582(c) is clear that the Court may reduce a term of imprisonment at the request of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or thirty days after such a request is made. 18 U.S.C. § 3582(c)(1)(A).

Here, Terry does not allege that he has exhausted the remedies available to him through the BOP, as pointed out by the Government. (See generally Mot. Sentence

3

Reduction ["Mot. Reduction"], ECF No. 56; see also Gov't's Resp. Opp'n Mot. Sentence Reduction ["Resp. Reduction"] at 3–4, ECF No. 70). Until Terry can show that he has exhausted administrative remedies, the Court cannot grant the requested relief. Given Terry's self-represented status, however, the Court will address the merits of his Motion.

### b.    Extraordinary and Compelling Reasons

As this Court has previously explained, 18 U.S.C. § 3582, as amended, grants courts with independent discretion to decide whether and under what circumstances "extraordinary and compelling reasons" exist to modify a sentence. United States v. Wise, No. ELH-18-72, 2020 WL 2614816, at *5–6 (D.Md. May 22, 2020). While not binding, Section 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G.") can aid in this analysis. The U.S.S.G. provides examples of what constitutes "extraordinary and compelling reasons," including: medical conditions of the defendant; familial circumstances; whether the defendant is the victim of abuse; unusually long sentences; the defendant's age; and a catch-all "other reasons." U.S.S.G. § 1B1.13(b).

Terry moves for sentence reduction based on (1) changes to the U.S.S.G.; (2) an alleged sentence disparity caused by those changes; (3) his rehabilitative efforts; (4) the length of his sentence; and (5) the Section 3553(a) factors. (Mot. Reduction at 3–11).

First, while Terry is eligible for a two-point reduction of his criminal history score under Amendment 821 of the U.S.S.G., his 181-month sentence is still within the applicable guideline range. Prior to Amendment 821's enactment in November 2023, defendants were assessed two criminal history "status points" for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2022). Part A of Amendment 821 retroactively alters the application of U.S.S.G. § 4A1.1 such that "a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points." United States v. Diaz, No. JKB-16-0259, 2025 WL 327314, at *1 (D.Md. Jan. 28, 2025). Part B retroactively "affects those who were assessed zero criminal history points at the time of sentencing and who have none of the specified aggravating factors." United States v. Chen, No. DKC-21-146-4, 2025 WL 402066, at *1 (D.Md. Feb. 4, 2025).

Here, Terry was assessed four criminal history points based on his prior convictions and two additional criminal history points for committing the offenses while under supervised probation. (Presentence Investigation Report ¶¶ 58–59, ECF No. 30). Thus, Amendment 821 would apply retroactively and eliminate the two added "status points." U.S.S.G. § 4A1.1(e); see Diaz, 2025 WL 327314, at *1. The Court disagrees with the Government's understanding of § 4A1.1(e) as not applicable to the instant motion. (Resp. Reduction at 4). Amendment 821 clearly struck language from the U.S.S.G. that required a two-point addition to the criminal history score if the defendant committed any part of an offense while under any criminal justice sentence—including probation—regardless of the defendant's criminal history score under § 4A1.1(a)–(d). Compare U.S.S.G. § 4A1.1(d) (2022), with U.S.S.G. § 4A1.1(e) (2025). As the U.S.S.G. presently reads, one criminal history point is added to the defendant's criminal history score only when the defendant receives seven points under § 4A1.1(a)–(d) and commits an offense while under any criminal justice sentence, U.S.S.G. § 4A1.1(e), meaning that defendants with less than

seven criminal history points under § 4A1.1(a)–(d) do not receive any additional criminal history points for committing an offense while under a criminal justice sentence, see Diaz, 2025 WL 327314, at *1. Under the new Guidelines, then, Terry's criminal history score would be four rather than six.

Terry asserts that his criminal history score is further reduced based on the expungement of his conviction for possession of paraphernalia, citing § 4A1.3 of the U.S.S.G. (Mot. Reduction at 3). As of November 1, 2025, however, § 4A1.3 has been deleted, and thus the Court cannot reduce his criminal history score based on the expungement. U.S.S.G. § 4A1.3 (deleted 2025); (Resp. Reduction at 4). Even with the two-point reduction resulting in a criminal history score of four, Terry would have a criminal history category of III, the same category that was applied when Terry was sentenced. U.S.S.G. Guidelines Manual, sent'g tbl. (2025) (indicating four criminal history points result in a criminal history category of III); (Statement of Reasons at 1, ECF No. 36). As such, his guideline range is still 97 to 121 months for Counts One and Five, plus seven years for Count Three, for a total sentencing range of 181 months to 205 months. U.S.S.G. Guidelines Manual, sent'g tbl. (2025). Terry's sentence is still at the bottom of his Guideline range, and there is no disparity caused by the Guideline Amendments, so there is not an "extraordinary and compelling reason" for a sentence reduction.

For this same reason, the Court disagrees with Terry's contention that the length of his sentence is an "extraordinary and compelling reason" for sentence reduction. Terry claims his sentence was "quite long." (Mot. Reduction at 9). The Court disagrees, as his

sentence was at the bottom of his Guideline range. Thus, the length of his sentence is not an "extraordinary and compelling reason" warranting a sentence reduction.

Terry further asserts that his rehabilitative efforts counsel towards finding an "extraordinary and compelling reason" for sentence reduction, while recognizing that rehabilitation is not sufficient on it own to establish such "extraordinary and compelling reasons." (Id. at 5). Indeed "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). It may, however, "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, Terry speaks broadly about how the Court ought to consider his rehabilitative efforts but does not reflect on his individualized rehabilitation beyond providing conclusory statements that his rehabilitation demonstrates that he has accepted responsibility for his criminal actions and that he is no longer a danger to the public. (Mot. Reduction at 6). While Terry submitted to the Court a list of several Education Courses that he has completed, (Suppl. to Mot. Reduction at 1, ECF No. 61), and the Court commends Terry for pursuing these certifications while incarcerated, this list alone is insufficient to find "extraordinary and compelling reasons" for a sentence reduction, especially given the absence of other factors.

Next, Terry alleges that his sentence should be reduced despite the seriousness of his offenses. (Mot. Reduction at 7). While a serious offense does not automatically preclude a sentence reduction, see United States v. Ogun, 657 F.Supp.3d 798, 811–12 (E.D.Va. 2023) (quoting United States v. Kibble, 992 F.3d 326, 334 (4th Cir. 2021)

7

(Gregory, C.J., concurring)), he fails to provide any analysis about the specifics of his case or any facts that would warrant a finding of "extraordinary and compelling reasons" for sentence reduction. Thus, even disregarding the seriousness of the offense at hand, the Court is not convinced that there are other circumstances that warrant a finding of "extraordinary and compelling reasons" for a sentence reduction.

Terry finally claims that the § 3553(a) factors weigh in favor of a sentence reduction. (Mot. Reduction at 9–11). While Terry cites many cases applying the § 3553(a) factors to other cases, he does not apply those factors to his case beyond repeating the same reasons underpinning his arguments for a reduction in criminal history category and the impact of rehabilitation and adding that the Government cannot prove he is a greater risk to public safety than other defendants convicted of similar offenses that received shorter sentences. (Id.). Considering the § 3553(a) factors is an exercise of discretion. See United States v. Foreman, No. JKB-11-0398, 2025 WL 2402612, at *1–2 (D.Md. Aug. 19, 2025) (explaining that courts exercise their discretion under 18 U.S.C. § 3553(a) to impose sentences). Here, Terry has not indicated any change in his circumstances that would warrant a different outcome of the § 3553(a) analysis,[2] nor can the Court identify any such reasons. (See Mot. Reduction at 9–11). Thus, the Court is not convinced that its analysis of the § 3553(a) factors should be any different now than it was when the sentence was

---

[2]At sentencing, the Court considered Terry's remorse, youth at time of conviction, Terry's upbringing and presence of role-models in his life, previous contact with the criminal justice system, the serious nature and circumstances of the offense, the need for both specific and general deterrent, and need to protect the public. (Sent'g Tr. 55:20–58:3, ECF No. 48).

originally imposed. At bottom, even assuming Terry exhausted administrative remedies, Terry has not demonstrated any "extraordinary and compelling reasons" to grant a sentence reduction under § 3582(c)(1), and the Court will deny his Motion.

**B.    Motion to Review Sentence Under § 3742**

Terry filed a separate Motion requesting a review of his sentence under 18 U.S.C. § 3742(a)(1) and Federal Rule of Criminal Procedure 12(b)(3)(B). (Mot. Review Sentence ["Mot. Review"] at 1–2, ECF No. 62). Under 18 U.S.C. § 3742(a)(1), a defendant may file a notice of appeal in the district court for a review of their sentence if the sentence "was imposed in violation of the law." Federal Rule of Criminal Procedure 12(b)(3)(B) provides that a defense based on "a defect in the indictment" "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."

Here, Terry expressly waived all appeals under 18 U.S.C. § 3742, (Plea Agreement ¶ 19(b) ("The Defendant and [the United States Attorney's Office for the District of Maryland] knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed . . . .")), which applies to appeals even "in light of a subsequent change in the law," United States v. Copeland, 707 F.3d 522, 529 (4th Cir. 2013). A court is not required to enforce an appeal waiver under narrow circumstances, such as when enforcing an otherwise valid waiver "would result in a miscarriage of justice." United States v. Johnson, 410 F.3d 140, 151 (4th Cir. 2009) (quoting United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003)). When an offense no longer qualifies as a crime of violence under 18 U.S.C. § 924(c)(3), which defines "crime[s] of violence" for

9

firearms crimes, there is a miscarriage of justice as the defendant has a "cognizable claim of actual innocence." United States v. McKinney, 60 F.4th 188, 192–93 (4th Cir. 2023).

In United States v. Davis, 588 U.S. 445 (2019), the United States Supreme Court held that the "residual clause" of § 924(c) was impermissibly vague. Id. at 470. The residual clause made any felony a crime of violence when the crime, "by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at 449 (quoting 18 U.S.C. § 924(c)(3)(B)). After Davis, an offense that qualified as a crime of violence under the residual clause was no longer considered a crime of violence, and anyone convicted of a crime of violence under the residual clause was "entitled to a full resentencing . . . ." Id. at 470; see also In re Thomas, 988 F.3d 783, 790 (4th Cir. 2021) ("Davis announced a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court . . . ."). One such conviction that is no longer a predicate offense for a § 924(c) conviction is conspiracy to commit Hobbs Act robbery. McKinney, 60 F.4th at 192.

The Davis Court, however, left undisturbed 18 U.S.C. § 924(c)(3)(A), the "elements clause," which defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 588 U.S. at 449 (quoting 18 U.S.C. § 924(c)(3)(A)). Thus, any offense that meets the definition of a crime of violence under the elements clause is still eligible for the mandatory sentences under 18 U.S.C. § 924(c)(1)(A).

Here, Terry's § 924(c) conviction was predicated on his conviction for Hobbs Act robbery, 18 U.S.C. § 1951. (Plea Agreement ¶ 2). "Hobbs Act robbery falls within the scope of the elements clause because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" United States v. Green, 67 F.4th 657, 668 (4th Cir. 2023) (quoting United States v. Mathis, 932 F.3d 242, 263, 265–66 (4th Cir. 2019)). Indeed, this is evident on the face of the Plea Agreement, which indicates Terry "obtained property from another without that person's consent . . . by wrongful use of actual or threatened force, violence, or fear." (Plea Agreement ¶ 2). Thus, while courts have recognized that conspiracy to commit Hobbs Act robbery is a crime of violence only under the residual clause, that reasoning does not apply here, as Terry was convicted under completed Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. See McKinney, 60 F.4th at 192; see also United States v. Simms, 914 F.3d 223, 233–34 (4th Cir. 2019) (explaining that conspiracy to commit Hobbs Act robbery "does not categorically qualify as a crime of violence under the elements-based categorical approach" because "to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act" (emphasis added)). As the predicate offense on which Terry's § 924(c) conviction is based is still a valid predicate offense, Terry cannot demonstrate a "cognizable claim of actual innocence" and does not face a miscarriage of justice. McKinney, 60 F.4th at 192–93. Thus, the waiver still applies, and Terry is precluded from bringing an appeal under § 3742.

Additionally, Terry cannot properly bring a challenge to the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B) at this stage. In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court struck down the "residual clause" of the Armed Career Criminal Act, id. at 606, which is analogous to the residual clause in § 924(c), Davis, 588 U.S. at 451. The United States Court of Appeals for the Fourth Circuit recognized that after Johnson, a claim against a § 924(c) offense as unconstitutionally vague became available. McKinney, 60 F.4th at 194–95 ("[I]t was only after the Supreme Court issued Johnson that courts of appeals, including our own, began to reconsider the constitutionality of § 924(c)'s analogous residual clause."). Johnson was decided on June 26, 2015, nearly three months before the Court entered Judgement against and sentenced Terry. (Crim. Minutes at 1, ECF No. 33; Judgment at 1). As such, a challenge for vagueness of the § 924(c) charge was reasonably available to Terry before his sentencing, and Rule 12(b)(3)(B) required Terry to raise this challenge before sentencing.

In sum, Terry cannot challenge his sentence under § 3742(a) due to the waiver in his Plea Agreement. Additionally, the challenge of his Indictment is untimely as the basis for the challenge was available to him at the time of his sentencing. The Court will deny his Motion.

### III.   CONCLUSION

For the foregoing reasons, the Court Terry's Motion for Sentence Reduction (ECF No. 56) and Motion for Review of Sentence (ECF No. 62) are DENIED. A separate Order follows.

Entered this 2nd day of April, 2026.

_____/s/_____
George L. Russell, III
Chief United States District Judge
